■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. JOSEPH HAYDEN, Appellant.— Judgment, Supreme Court, New York County, rendered on July 9, 1970, convicting defendant, after trial, of attempted murder and two counts of criminal possession of a weapon, unanimously reversed, on the law and in the interest of justice, and a new trial directed. Although there is sufficient proof to sustain the verdict of guilty by the jury, we are forced to reverse the conviction because of the error of the trial court in consolidating indictment No. 1293/69, charging the shooting incident of September 28, 1968, with indictment No. 1774-70, charging the shooting incident of October 23, 1968. In this connection, it is fair to note that, unfortunately, and apparently unintentionally, the Assistant District Attorney misinformed the trial court when he stated that " any witness that would be called in 1293 of 1969 would be a witness in 1774 of 1970 " and, again, when he said " there is not an additional witness that the People would call for the second case as for the first case ". This undoubtedly contributed to the ruling of the court. Under the circumstances, the granting of the motion to consolidate should have been denied in the interest of justice. (*People* v. *Pepin,* 6 A D 2d 992; *People* v. *Nerone,* 32 Misc 2d 536; *People* v. *Namolik,* 8 A D 2d 685.) It was also error to refuse to grant a hearing on the defendant's motion to suppress. It appears that the first time the defendant was apprised that he was being charged with the shooting incident of October 23, 1968 was about three weeks before this trial was started. It was at this point, 16 months after the alleged shooting, that the second indictment was finally filed against him. During all of this time he was in custody. It is noteworthy that, when the defendant was arraigned on the second indictment, he pleaded not guilty and was given 30 days within which to make motions. Before these 30 days expired the defendant was brought to trial on both indictments, same having been consolidated by the court, against the objections of the defendant. He was acquitted of the charges contained in indictment 1293/69 and convicted under the second indictment, 1774/70, relating to the events of October 23, 1968. We have noted the contention of the defendant that, because of the long delay in filing the second indictment, same should be dismissed. However, this contention was not raised in the trial court, nor is there any showing of prejudice to the defendant because of the delay. Concur — Stevens, P. J., Capozzoli, McGivern, McNally and Steuer, JJ.