■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK PETERSON, Appellant.— Judgment, Supreme Court, New York County, rendered August 30, 1971, affirmed. The dissenting opinion sets out the distinctions among the several robberies found to have been committed by the defendant. The points of resemblance, constituting an unmistakable pattern, are not alluded to. Moreover, the fact that the jury acquitted the defendant on three of the counts demonstrates that the defendant suffered no prejudice from the denial of his motion to sever. In the face of the overwhelming proof of guilt it would be a sheer waste to retry this case. Concur — Markewich, J. P., Steuer, Tilzer and Macken, JJ.; Murphy, J., dissents in the following memorandum: Defendant was charged, in three separate indictments, with 32 counts of robbery, burglary, larceny and other lesser related offenses, involving seven different women on seven separate occasions. On the People's motion the indictments were consolidated on the ground that the crimes charged were of the same or a similar character (Code Crim. Pro., § 279, now CPL 200.20), without prejudice to defendant's right to seek a severance from the trial court. Defendant's motion for such relief was denied and, after trial, defendant was convicted of 13 of the 16 submitted counts. I believe the denial of defendant's severance motion was too prejudicial to permit it to stand. In opposition to the motion, the People argued, *inter alia*, that six to eight witnesses would have to be recalled nine times if each case proceeded separately. However, it appears that of the 19 witnesses called by the prosecution, 15 (including the 7 complainants) would only be required to give testimony at one trial, two would be called for two trials and only two police witnesses would be required at more than two trials. Additionally, although defendant was alleged to have committed robberies, burglaries and larcenies with regard

to each complainant, in only three instances was a weapon assertedly used; and four complainants claimed they were also raped, while three did not. Aside from the inflammatory nature of the rape testimony (for which crime defendant was not charged), the danger in presenting this cumulative evidence of unrelated occurrences to a jury is obvious. The complainants alleged the separate crimes to have taken place July 22, 1970, August 5, 1970, August 10, 1970, August 13, 1970, August 19, 1970, October 30, 1970, and November 10, 1970. It is inconceivable that the jury was not influenced by the sheer volume of the charges against the defendant. The concept of "fair trial" should not be subject to the condition of our trial calendars. The obvious prejudice to defendant more than overcomes the inconvenience to the People of separate trials. Under all of the circumstances here presented, the denial of the motion for a severance was severely prejudicial to the interests of defendant and constituted an abuse of discretion as a matter of law. Accordingly, the judgment should be reversed and a new trial directed. (Cf. *People* v. *Hayden,* 37 A D 2d 945.)