Memorandum. The order of the Appellate Division should be affirmed. Defendant’s admissions of involvement in the attempted robbery and shooting when coupled with the independent evidence that the victim died by criminal means were sufficient to convict. (Code Crim. Pro., § 395; People v. Louis, 1 N Y 2d 137.) The contention that the People’s evidentiary leads, the testimony of the witnesses and the evidence adduced at trial were tainted by illegal wiretapping, was resolved against the defendant by both courts below. In the posture that the case comes to us,. only issues of credibility are raised and we cannot say, as a matter of law, that the testimony of the People’s witnesses on the issue was incredible. (Compare People v. De Curtis, 29 N Y 2d 608.) In this regard, absent a showing of bad faith, mere inability of the People to produce recordings of certain intercepted conversations does not require reversal, especially where, as here, a plausible explanation for their absence was made — the tapes had been erased for reuse, and summaries of the missing tapes were offered to the defense. (See United States v. Garcilaso de la Vega, 489 F. 2d 761 [2d Cir.].) Moreover, under the Code of Criminal Procedure then in effect, there was no obligation upon the police to preserve wiretap recordings. (Compare CPL 700.55.) Finally, in light of the finding that defendant’s conviction was not bottomed upon wiretap evidence, but upon information and evidence independently arrived at, the issue with respect to the validity of the wiretap warrants is rendered academic.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Rabin concur in memorandum; Judge Stevens taking no part.
Order affirmed.