■ The People of the State of New York, Respondent, v Ronald Jenkins, Appellant.—Judgment of conviction, Supreme Court, New York County, rendered June 22, 1973, modified, on the law, to vacate the count of grand larceny, third degree, and otherwise affirmed. The larceny count is a lesser included count in the robbery charge, and conviction of the more serious charge disposes of the other. (See *People v Pyles,* 44 AD2d 784; CPL 300.40, subd. 3, par. [b].) While our dissenting brother concurs insofar as we have modified, he would reverse and remand for trial anew because of the joint trial on two disparate charges. As the dissenter himself recognizes, the controlling law is set forth in *People v De Pass* (35 NY2d 858, affg. 43 AD2d 816). Concur—Markewich, J. P., Capozzoli, Lane and Nunez, JJ.; Murphy, J., dissents in the following memorandum: Murphy, J. (dissenting). Despite the recent affirmance by the Court of Appeals, albeit without opinion, of this court's determination in *People v De Pass* (43 AD2d 816, affd 35 NY2d 858), I dissent and would grant appellant a new trial. Defendant was charged with the commission of two separate robberies, involving different victims, committed three days apart. Defendant's motion for a severance was denied. Under the circumstances of this case, the refusal to grant such application was prejudicial error. The victim of the second robbery (defendant was found innocent of complicity in the first) testified that the entire incident lasted about 70 seconds. About three days later he allegedly identified defendant from photographs (one of the photographs of defendant was larger than the others) and, subsequently, identified him again at a highly suggestive arraignment showup. Defendant's suppression motion was denied at the conclusion of a *Wade* hearing, during which the court inexplicably treated the arraignment showup as an in-court identification. My review of the record in this case fails to establish that the complainant's testimony was shown by " 'clear and convincing evidence' " to be untainted by the prior photographic and showup identifications. *(People v Ballott,* 20 NY2d 600, 606.) Moreover, and in any event, in light of the weak identification evidence presented in this case, it was an abuse of discretion as a matter of law to have denied the severance motion. Concededly, the Legislature has permitted joinder of two separate and distinct robberies (CPL 200.20, subd. 2, par. [c]). However, in the interests of justice and for good cause shown, discretion lies to direct a severance. (CPL 200.20, subd. 3.) Such discretion is not, and cannot be, unlimited. One of the most fundamental principles of our criminal justice system is that a defendant should be tried solely upon evidence concerning the crime for which he was charged; and deviation from such concept should be the exception rather than the rule. (Cf. *People*

*v Fiore,* 34 NY2d 81; *People v Molineux,* 168 NY 264.) The rationale for permitting joinder—convenience and economy—is insignificant when weighed against its inherently prejudicial effect on a jury; particularly where, as here, the complainant had only a limited opportunity to view his assailant, was obviously frightened and was unable to recall any distinctive details concerning the perpetrator, his weapon or his attire. Recognizing the potential prejudice to defendants resulting from joinder, the American Bar Association Project On Minimum Standards For Criminal Justice, in its draft on Joinder and Severance, states: "Whenever two or more offenses have been joined for trial solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses." (§ 2.2[a].) The prosecutor's statement, in opposing severance, that the gun recovered from appellant's person would be identified by the victim in both robberies as being the one used by appellant in each robbery, was not convincingly established by the equivocal testimony of the victims. Nor should the fact that appellant was acquitted of one robbery, but convicted of the other, obscure the basic unfairness of joinder in this case. (Cf. *People v Hayden,* 37 AD2d 945.) We can only speculate as to the outcome had defendant been tried separately for each charged offense. Accordingly, the judgment appealed from should be reversed and a new trial directed.