■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO PEREZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 15, 1974, upon resentence, convicting him of criminally selling a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth and sixth degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. The failure of the People to produce the memo book of the undercover police officer who purchased the heroin from defendant was sufficiently explained so as to remove any suggestion of bad faith on the part of the prosecution. It was therefore not error to require the defense to continue cross-examination of the officer without the memo book (cf. *People v Conroy,* 34 NY2d 917, 919; *United States v Bryant,* 439 F2d 642, 651–652). Latham, Acting P. J., Cohalan, Margett, Brennan and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN SHULER, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 25, 1974, convicting him, *inter alia,* of robbery in the first degree, assault in the second degree and possession of a weapon, dangerous instrument and appliance (two counts), after a nonjury trial, and imposing sentence. Judgment modified, on the law, by deleting therefrom the conviction and sentence for possession of a weapon, dangerous instrument and appliance under the sixth count of the indictment, and by dismissing said count. As so modified, judgment affirmed. Under the facts of this case, the charge of possession of a weapon under the sixth count of the indictment (a tree branch) is inclusory in the conviction of assault in the second degree (CPL 1.20, subd 37). Where a verdict is comprised of inclusory concurrent counts, a verdict of guilty on the greatest count is deemed a dismissal of every lesser count (CPL 300.40, subd 3, par [6]). Accordingly, the conviction of possession of a weapon under the sixth count must be dismissed *(People v Grier,* 37 NY2d 847; *People v Pyles,* 44 AD2d 784), and the judgment in all other respects should be affirmed. Martuscello, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY TUNNELL, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, rendered May 9, 1975, convicting him, upon his plea of guilty, of operating a motor vehicle while under the influence of alcohol, as a felony, and imposing a sentence of five years' probation, a fine of $350 or a jail term of three months and revocation of his driver's license. Sentence reversed, on the law, and case remanded to the County Court for resentence in accordance with our determination in *People v Blount* (49 AD2d 911), in which the law appropriate to situations such as this is discussed. Hopkins, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.