■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD C. BULLARD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 4, 1976, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Appellant argues on this appeal that, inasmuch as the only evidence connecting him to the burglary of a gas station was that his fingerprints were found on slivers of glass at the scene and since, conceivably, they could have been imprinted on the glass at a time other than the time of the burglary, there does not exist sufficient evidence to sustain the conviction. However, the testimony of the fingerprint technician who "lifted" the prints conclusively established that appellant's prints were found on both sides of pieces of glass lying inside the premises beneath the smashed window through which the perpetrator had obviously gained entrance to the burglarized premises. From markings of rubber, putty or paint, it was apparent that these jagged pieces of glass had come from close to the frame of the window, where they could not be readily touched by customers or station personnel entering or leaving the premises during its normal operations. In addition, it was the testimony of the proprietor that the glass window had been cleaned the day before the

burglary. It was a permissible inference that in order to avoid being cut as he entered through the broken window, the perpetrator removed the sharp, jagged pieces with his fingers, thus leaving the telltale prints on both sides of the glass. It is appellant's further contention that because of the court's conduct and charge the resultant verdict was coerced and therefore improper. Notwithstanding the totally unnecessary reference to the city's financial plight, the trial court at no point implied, directly or indirectly, that the jury *must* reach a verdict. Further, appellant failed to object to the alleged coercive statements and, in view of the clear evidence of his guilt, the verdict should not be disturbed. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur. ‾ ·