■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT "DOE" WATKINS, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered August 16, 1977, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment with a maximum of life and a minimum of four years. As a result of an incident on Old Route 17 near Monticello, New York on August 13, 1976 wherein he allegedly sold four glassine envelopes containing heroin to an undercover agent in the presence of an informer, defendant was indicted by a Sullivan

County Grand Jury for the crime of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, subd 1). Following a jury trial, he was convicted of the crime as charged in the indictment, and he was thereafter sentenced to an indeterminate term of imprisonment with a maximum of life and a minimum of four years. This appeal ensued. Seeking a reversal of his conviction, defendant initially argues that the undercover agent's in-court identification of him as the perpetrator of the crime was tainted by an improperly suggestive pretrial photographic identification procedure and without a valid independent source. We disagree. During the heroin purchase which was consummated in broad daylight on a summer afternoon, the undercover agent, a trained police officer, was seated next to the seller in an automobile for approximately 20 minutes and had ample opportunity to view him. Such being the case, even assuming, *arguendo,* the impropriety of the later photographic identification, the agent's in-court identification of defendant clearly was independently based upon the face-to-face encounter at the time of the heroin sale and defendant's various attacks upon the agent's credibility do not alter our conclusion in this regard. Accordingly, a reversal is not warranted on this issue (see *United States v Wade,* 388 US 218; *People v Morales,* 37 NY2d 262). Similarly without substance is defendant's contention that the informer who was present at the sale was not a credible witness. Issues of credibility are primarily for the jury *(People v Gruttola,* 43 NY2d 116), and the testimony of the informer which largely complemented and corroborated that of the undercover agent is plainly not incredible as a matter of law. Additionally, the failure of the police to preserve the $5 bill which the agent received as change from the drug purchase and the fact that neither said bill nor the glassine envelopes were checked for fingerprints do not constitute reversible error. In this instance, as noted above, we have eyewitness testimony of two people in close proximity to the seller for 20 minutes and one of those witnesses was a trained police officer. Under the circumstances, there was no reasonable basis for believing that any fingerprint evidence would prove exculpatory for defendant (cf. *United States v Bryant,* 439 F2d 642), and the defense cites no authority requiring that the police preserve or develop evidence which would be merely cumulative or redundant. As for defendant's remaining contentions, which largely relate to the conduct of his trial and the sentence ultimately imposed, we have considered them and find them without merit. Judgment affirmed. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.