■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. GILLUM, Appellant.—Judgment of the County Court, Nassau County, rendered January 19, 1979, affirmed (see *People v Bullard,* 59 AD2d 786). Lazer, J. P., Gibbons, Gulotta and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER GLOVER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered May 2, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant presents numerous arguments for reversal of his conviction and modification of his sentence, but we find none to have merit. With reference to his contention that error occurred in the consolidation for trial purposes of two indictments, each containing one count, *People v Peterson* (42 AD2d 937, affd 35 NY2d 659) and *People v Jenkins* (47 AD2d 832, affd 39 NY2d 969) are dispositive. Defendant's argument that testimony was improperly admitted at trial to bolster the victim's in-court identification of defendant, is negated by the circumstances surrounding that testimony and the legitimate purpose it served (see *People v Singletary,* 54 AD2d 767). The defendant's remaining arguments require no comment. Mollen, P. J., Titone, Mangano and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY HOLLIS, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Kings County, each rendered April 23, 1976, (1) the first convicting him of robbery in the first degree (Indictment No. 4373/75) upon a jury verdict, and (2) the second convicting him of robbery in the first degree (Indictment No. 4372/75) upon his plea of guilty, and imposing sentences. Judgment with respect to Indictment No. 4373/75 affirmed. Judgment with respect to Indictment No. 4372/75 reversed, as a matter of discretion in the interest of justice, plea vacated, and action remitted to Criminal Term for further proceedings consistent herewith. After the jury had rendered a verdict convicting defendant of robbery in the first degree (Indictment No. 4373/75), but before sentence was imposed, the trial court participated in plea negotiations with respect to Indictment No. 4372/75. The court noted, on the record, that if defendant proceeded to trial on Indictment No. 4372/75, it would impose an indeterminate prison term of from 7½ to 15 years for his conviction with respect to Indictment No. 4373/75. However, the court promised that if defendant pleaded guilty to robbery in the first degree in satisfaction of Indictment No. 4372/75 it would impose an indeterminate term of imprisonment of from 4½ to 9 years on each conviction, to run concurrently with each other. Defendant pleaded guilty to robbery in the first degree in satisfaction of Indictment No. 4372/75 and the promised sentences were imposed. A defendant may not be induced to plead guilty by the explicit threat of a heavier sentence should he choose to proceed to trial (see *People v Granello,* 18 NY2d 823; *People v Glasper,* 14 NY2d 893; *People v McCoy,* 41 AD2d 743). Consequently, the plea must be vacated. We have considered defendant's remaining contentions and find them to be without merit. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur.