■ The People of the State of New York, Respondent, v Gabriel Pena, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Weiss, J.), rendered November 26, 1979, convicting him of burglary in the third degree, grand larceny in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The circumstantial evidence was sufficient to establish defendant's guilt beyond a reasonable doubt (*People v Benzinger,* 36 NY2d 29).

The jury could reasonably have concluded, from the presence of his fingerprints on both sides of the broken glass and from the envelope addressed to him found at the scene, that the defendant had committed the crimes charged (*People v Gillum,* 74 AD2d 585; *People v Bullard,* 59 AD2d 786). While neither the pieces of broken glass from which the prints were lifted nor the envelope on which defendant's name was written was produced at trial, this does not constitute reversible error. Contrary to defendant's claim on this appeal, the best evidence rule has no application to the nature, appearance or condition of physical objects (see, e.g., *People v Fonville,* 72 Misc 2d 785, 787; Richardson, Evidence [Prince, 10th ed], § 571, p 579). The fingerprint technician was properly permitted to introduce the print cards into evidence and, as he explained, once a fingerprint is removed, the area from which the print is taken becomes clean and no further fingerprints can be obtained from the specimen. Because a subsequent dusting would not reveal any more fingerprints, preservation of the glass was not necessary. The nonproduction of the envelope was explained and there is no evidence of bad faith which would warrant reversal (*People v Conroy,* 34 NY2d 917, 919; *People v Saddy,* 84 AD2d 175). Moreover, its absence can hardly be said to have prejudiced the defendant (see *People v Watkins,* 67 AD2d 741, 742). We have considered the defendant's remaining contentions and find that they are without merit and, in addition, with respect to his argument that there should have been a severance, find that he waived that claim. Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur.