■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MANZIONE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 4, 1984, convicting him of robbery in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Pitaro, J.), after a hearing, of those branches of defendant's omnibus motion which were to suppress certain physical evidence, statements made to the police and an Assistant District Attorney, and the in-court identification of the defendant.

Judgment reversed, on the law, and matter remitted to Criminal Term for a de novo suppression hearing before another justice.

The prosecution must turn over to a criminal defendant prior statements of the prosecutor's witnesses (*People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). At the instant suppression

hearing, defendant did not receive (1) Police Officer Alyota's notes of the description of the perpetrators given by complainant Thomas Lass, (2) Police Officer Scott's notes from a radio call description received prior to his apprehending defendant, and (3) Assistant District Attorney Fallen's notes of his interview with Lass. The prosecution did not meet its burden of showing a good-faith effort to follow proper procedures to preserve the evidence or to produce such evidence at the hearing (*see, People v Perez,* 50 AD2d 908; *People v Day,* 102 Misc 2d 11). These circumstances require a de novo suppression hearing before a different justice.

We have considered defendant's remaining contentions and find them to be without merit. Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.