THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS MINORE, Appellant.

Defendant's conviction was based solely on the circumstantial evidence of his fingerprint found on a mirror in the burglarized premises. In light of complainant's testimony that he had wiped the mirror clean prior to locking up his premises for the evening and that, upon returning the next morning, he found the premises broken into and a fingerprint (later determined to be defendant's) on the mirror, it was proper for the jury to infer that defendant had committed the burglary (*see, People v Pena,* 99 AD2d 846; *People v Bullard,* 59 AD2d 786). Defendant's claim that he entered the premises after the burglary had been committed and innocently touched the mirror was properly rejected by the jury (*People v Hernandez,* 91 AD2d 227, *revd on other grounds* 59 NY2d 881). Under the circumstances of this case it was proper for the jury to infer that defendant entered the premises with the intent to commit a crime within (*People v Barnes,* 50 NY2d 375; *People v Castillo,* 47 NY2d 270).

Defendant's claim that the court improperly failed to charge the jury with respect to circumstantial evidence was not preserved for appellate review (CPL 470.05). Moreover, we have examined the charge and conclude that reversal on that ground is not warranted in the interest of justice.

Defendant also claims that he was deprived of a fair trial because of certain remarks made by the prosecutor in his summation. The propriety of only one of these remarks was objected to at trial and therefore preserved for review as a matter of law. That remark constituted harmless error, and we decline to

exercise our discretion to grant defendant a new trial in the interest of justice. Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.