■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO VASQUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered July 9, 1985, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence against the defendant consisted of four fingerprints, two of which were distinct, taken one day after the robbery, which were found on panes of glass which were pushed from the door used to gain entrance into the home that was burglarized. The trial evidence established that the outside storm door of the home had been removed from its hinges to gain access to the basement door. Both of these doors were locked by the complainant prior to her leaving her home. The only explanation for the presence of the defendant's fingerprints under such circumstances was that the prints were made by him in the process of pushing out the panes of glass in the door in order to burglarize the premises. The circumstantial evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt and to exclude to a moral certainty every reasonable hypothesis of innocence *(see, People v Pena,* 99 AD2d 846; *People v Basciano,* 109 AD2d 945; *People v Riddick,* 130 AD2d 780; *People v DiBlasi,* 130 AD2d 679).

The defendant contends that it was error to permit the introduction of his police fingerprint card taken at the time of his arrest for this crime. There was no objection raised by the defendant as to its introduction or to testimony by a police officer regarding the use of this card in comparing the fingerprints recovered at the scene of the crime, and this issue is, therefore, unpreserved for appellate review (see, People v Jones, 124 AD2d 596, lv denied 69 NY2d 747; People v Johnson, 123 AD2d 359, lv denied 69 NY2d 712). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.