■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SPARACINO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered April 15, 1988, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of burglary in the second degree after a second trial, the first trial having ended in a mistrial when the jury was unable to reach a verdict. He now contends that the mistrial was declared prematurely and that the retrial was violative of his Fifth Amendment right not to be subjected to double jeopardy.

Pursuant to CPL 310.60 (1) (a), a mistrial may be declared when "[t]he jury has deliberated for an extensive period of time without agreeing upon a verdict * * * and the court is satisfied that any such agreement is unlikely within a reasonable time". Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the trial court and its decision should be given great deference (see, Arizona v Washington, 434 US 497, 510; Matter of Leisenring v Castellino, 120 AD2d 837).

It is undisputed that the first trial herein was relatively short and free from complex legal intricacies. After the jury had deliberated for several hours, it indicated to the court that it was "deadlocked", whereupon the court gave an Allen instruction (see, Allen v United States, 164 US 492) and directed the jury to continue its deliberations. Shortly thereafter, the jury indicated to the court that there had been no progress in their deliberations. Since the jury appeared to be genuinely deadlocked, it would have served no purpose to order them to continue to deliberate (see, Matter of Plummer v Rothwax, 63 NY2d 243). Therefore, it appears that the trial court did not improvidently exercise its discretion in declaring a mistrial (see, Matter of Plummer v Rothwax, supra).

The defendant also contends that the evidence was insufficient to support the verdict as the only link between him and the burglary was the discovery of his fingerprint at the scene of the crime. Although the evidence was circumstantial in nature, this type of proof is sufficient if it leads to a conclusion of guilt beyond a reasonable doubt, and excludes every hypothesis of innocence (People v Talley, 110 AD2d 792). We find that the circumstances here are consistent with, and point to, the defendant's guilt, and are inconsistent with his innocence.

We have considered the defendant's remaining contentions

and find them to be without merit *(People v Glover,* 57 NY2d 61; *People v Woolard,* 124 AD2d 763). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.