The People of the State of New York, Respondent, v Raymonde Cheeseborough, Appellant.—

The defendant pleaded guilty to attempted robbery in the

second degree in full satisfaction of his indictment, his trial having ended in a mistrial when the jury was unable to reach a verdict on 5 of the 7 counts submitted. He now contends that the mistrial was declared prematurely and that his reprosecution violated his right under the State and Federal Constitutions against double jeopardy.

Pursuant to CPL 310.60 (1) (a), a mistrial may be declared when "[t]he jury has deliberated for an extensive period of time without agreeing upon a verdict * * * and the court is satisfied that any such agreement is unlikely within a reasonable time". Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the trial court and its decision should be given great deference *(see, Arizona v Washington,* 434 US 497, 510; *People v Sparacino,* 150 AD2d 814).

The trial herein was relatively short and free from complex legal intricacies. After deliberating for many hours, the jury twice indicated to the court that it was "deadlocked." The first time, the court exhorted the jury to "get some sleep * * * and let's see what we can do tomorrow". The second time, the court, at the People's request, without objection by the defense counsel, gave an *Allen* instruction *(see, Allen v United States,* 164 US 492), and directed the jury to continue its deliberations. Shortly thereafter, the jury indicated to the court that "we cannot deliberate. One of the jurors is incapable of deliberation". Since the jury appeared to be genuinely deadlocked, it would have served no purpose to order them to continue to deliberate *(see, Matter of Plummer v Rothwax,* 63 NY2d 243). Therefore, the trial court did not improvidently exercise its discretion in declaring a mistrial *(see, Matter of Plummer v Rothwax, supra; People v Sparacino, supra).* Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.