■ The People of the State of New York, Respondent, v Ronald Fagan, Appellant.—Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered November 22, 1988, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent indeterminate prison terms of 7 to 14 years and 2 to 4 years, respectively, unanimously affirmed.

On May 12, 1988, while walking along 7th Avenue, Kenneth Mitchell was robbed by defendant and an accomplice, who had approached from behind. Defendant had lifted up Mitchell's jacket while the accomplice shoved Mitchell. A struggle ensued and Mitchell fell to the ground and his money fell out of his pocket to the street. Defendant's accomplice grabbed the money (over $1,600) and the men fled. Luis Avila, a witness to the incident, pursued the robbers and alerted two police officers of the occurrence and the fact that the two men had been joined by a third. The officers directed Avila to get Mitchell while they attempted to detain defendant and his accomplices. The accomplice and the third man escaped.

Meanwhile, Avila had returned to Mitchell and said to him "we've got them".

Although Mitchell had never seen defendant's face, Avila made a showup identification of defendant on the street as the man who had robbed Mitchell.

Defendant asserts that Mitchell's testimony that Avila had exclaimed "we've got them" impermissibly bolstered Avila's trial identification of defendant. This claim is unpreserved and we therefore do not address it. (CPL 470.05 [2].) However, were we to address it in the interest of justice, we nonetheless would affirm. This excited utterance clearly did not rise to a level which could have led a jury to believe that there was stronger identification evidence than actually existed. Further, in light of Avila's certain identification of defendant, this

"bolstering" was insignificant. *(See, People v Johnson,* 57 NY2d 969, 970-971.)

Defendant's claims in respect to the court's charge are unpreserved (CPL 470.05 [2]), but were we to address them on the merits, we would nonetheless find that the court's charge was proper in all respects. The court appropriately instructed the jury on the concept of accomplice liability and presented the hypothetical fairly to aid the jurors in understanding the legal principles involved. *(See, e.g., People v Grant,* 132 AD2d 619.)

Finally, defendant maintains that his sentence is harsh and excessive. Defendant's part in this serious and violent crime justifies the sentence imposed, especially in light of defendant's criminal history which indicates many criminal convictions due to similar behavior dating back to 1979. Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.