■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH MURRAY, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered February 25, 1987, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the element of intent necessary to establish the crime of burglary in the second degree can be inferred from the surrounding circumstances *(see, People v Mackey,* 49 NY2d 274; *People v Miller,* 149 AD2d 737; *People v Middleton,* 140 AD2d 550). Fingerprint evidence, although circumstantial in nature, is sufficient proof if it leads to a conclusion of guilt beyond a reasonable doubt and excludes every hypothesis of innocence *(see, People v Sparacino,* 150 AD2d 814; *People v Vasquez,* 131 AD2d 523; *People v Talley,* 110 AD2d 792). The evidence adduced at trial established, *inter alia,* that a forcible entry into the respective dwellings of the complainants had occurred and that jewelry, cash, and other personal belongings had been taken from the complainants' dwellings. An expert in fingerprint identification testified that the fingerprints left by the burglar at the scenes of the crimes matched those of the defendant which were on file

with the police department. Viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt and to exclude to a moral certainty every reasonable hypothesis of innocence *(see, People v Betancourt,* 68 NY2d 707). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Love,* 57 NY2d 1023, 1025), or without merit. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.