■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS GAINES, Appellant.—Judgment unanimously affirmed. Memorandum: Viewing the evidence in this wholly circumstantial evidence case in the light most favorable to the prosecution (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt (see, People v Bleakley, 69 NY2d 490, 495; People v Marin, 65 NY2d 741, 742), and "to exclude to a moral certainty every reasonable hypothesis of innocence" (People v Vasquez, 131 AD2d 523; see also, People v Riddick, 130 AD2d 780). The trial evidence established that entry into the burglarized dwellings was accomplished in each case by forced entry through windows and that the fingerprints found on or near the points of entry matched those of defendant. There was no indication that the fingerprints were placed there innocently (see, People v Klein, 156 AD2d 385, lv denied 75 NY2d 920, cert denied — US —, 112 L Ed 2d 86; People v Riddick, supra). The only explanation of the presence of defendant's fingerprints under

such circumstances was that the prints were made by him in the process of gaining entry in order to burglarize the dwellings *(see, People v Vasquez, supra).*

We reject defendant's argument that he was improperly sentenced as a second felony offender *(see, People v Gonzalez,* 61 NY2d 586, 589). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Burglary, 2nd Degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.