■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ANTHONY DAVIS, Appellant. [615 NYS2d 553] —Judgment unanimously affirmed. Memorandum: Defendant contends that the evidence is legally insufficient to establish his constructive possession of the contraband seized from an apartment upon the execution of a search warrant. We disagree. We conclude that the evidence adduced at trial satisfies the requisite standard of proof in this wholly circumstantial evidence case *(see, People v Torres,* 68 NY2d 677, 678; *cf., People v Francis,* 79 NY2d 925, 926; *People v Giuliano,* 65 NY2d 766, 767-768; *People v Orta,* 184 AD2d 1052, 1053).

The People offered proof at trial that a hospital identification bracelet bearing defendant's name and personal papers bearing defendant's signature were found in the apartment during the search. A coat and a distinctive gold medallion that defendant was observed wearing on 15 to 20 occasions during the three days before the search were found in a bedroom closet in the apartment. Further, defendant admitted that he occasionally stayed overnight in the apartment. Additionally, the People presented evidence that defendant knew that a shotgun was hidden beneath a mattress in the apartment. We conclude that the proof offered by the People provided a sufficient basis for the jury to find that defendant was in constructive possession of the contraband even though defendant was absent from the apartment when the search was conducted and others may have had access to or use of the apartment *(see, People v Torres, supra,* at 679).

Finally, although the court did not use the words "moral certainty" in its charge on circumstantial evidence, the jury properly was " 'instructed in substance that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence' " *(People v Ford,* 66 NY2d 428, 441, quoting *People v Sanchez,* 61 NY2d 1022, 1024; *see also, People v Porter,* 179 AD2d 1018, 1019, *lv denied* 79 NY2d 1006). (Appeal from Judgment of Onondaga County Court, Mulroy, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.