■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANS SITAL, Appellant. [633 NYS2d 332] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County

(Demarest, J.), rendered November 15, 1993, convicting him of murder in the second degree (two counts), and burglary in the second degree, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered November 15, 1993, revoking a sentence of probation previously imposed by the same court (Tomei, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender.

Ordered that the judgment and the amended judgment are affirmed.

The defendant's contention that the evidence, which consisted of the defendant's fingerprints on the door-plate, closet, and dresser of the victims' apartment, where the victims, two women, were found bound and gagged with duct tape and shot in the back of the head, was legally insufficient to establish his guilt, is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. "Fingerprint evidence, although circumstantial in nature, is sufficient proof if it leads to a conclusion of guilt beyond a reasonable doubt and excludes every hypothesis of innocence" *(People v Murray,* 168 AD2d 573; *see also, People v Minore,* 110 AD2d 661; *People v Sparacino,* 150 AD2d 814; *People v Vasquez,* 131 AD2d 523; *People v Talley,* 110 AD2d 792; *People v Pena,* 99 AD2d 846; *People v Bullard,* 59 AD2d 786). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention regarding the jury charge is unpreserved for appellate review and, in any event, any error was harmless.

The defendant's sentence was not excessive (see, *People v Suitte,* 90 AD2d 80). Bracken, J. P., Santucci, Joy and Friedmann, JJ., concur.