■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HALL, Appellant. [637 NYS2d 825] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in failing to give proper limiting instructions regarding evidence of prior uncharged crimes. Although evidence of uncharged crimes is generally not admissible *(see, People v Beam,* 57 NY2d 241, 250), it may be received if it helps to establish some element of the crime under consideration, or is relevant because of some recognized exception to the general rule *(People v Alvino,* 71 NY2d 233, 241-242). Here, evidence of an uncharged crime was introduced on the direct examination by defendant of his expert witness and formed the basis for the expert's opinion concerning defendant's ability to form the intent to commit the crimes charged. Defendant contends that he was prejudiced by the court's failure to give limiting instructions. Defendant, however, failed to request a limiting instruction when the evidence was offered, nor did he object to the prosecution experts' use of the same information. Defendant requested a limiting instruction for the first time at the charge conference. Although the better course may have been to grant the request, any error was harmless considering the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230, 242).

Defendant also contends that the proof is legally insufficient

because the People failed to prove that he did not have license or permission to enter the premises. We disagree. Evidence of forced entry together with testimony of a person with authority over the premises is sufficient to prove that defendant's entry was unlawful *(see, e.g., People v Gaines,* 174 AD2d 1049, *lv denied* 79 NY2d 827). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Burglary, 2nd Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.