■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS REED, Appellant. [646 NYS2d 832] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered April 28, 1994, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the court erred in failing to declare a mistrial after the jury indicated that it was deadlocked.

The jury delivered its first note indicating a deadlock after four hours of deliberations, and the court delivered an *Allen* charge (*Allen v United States,* 164 US 492) without objection. Later that day, after listening to readbacks of testimony and renewed instructions on the law, the jury sent the court another note indicating that it was "hopelessly deadlocked". The court gave another *Allen* charge over defense counsel's objection. A juror then refused to return to the jury room and informed the court that "it is impossible for us to fulfill our duty". The court persuaded the juror to continue deliberating. Immediately thereafter, a second juror asked to speak to the court about problems during the deliberations and indicated that he had doubts about the People's case. The court, in essence, gave an *Allen* charge to this individual juror, who returned to the jury room. Based on the problems raised by these two jurors, the defendant requested a mistrial, which the court denied. Minutes after deliberations resumed, the jury sent a note indicating that 11 jurors believed that the jury was "hopelessly deadlocked". The court gave the jury another *Allen* charge and denied the defendant's request for a mistrial. Several hours later, the jury reached a verdict.

The factors to be considered by the trial court in determining the necessity of discharging an apparently deadlocked jury include "the length and complexity of the trial, the length of the deliberations, the extent and nature of the communications between the court and the jury, and the potential effects of requiring further deliberation" (*Matter of Plummer v Rothwax,* 63 NY2d 243, 251). Applying these factors, we conclude that the court improvidently exercised its discretion in denying the defendant's request for a mistrial (*cf., People v Cheeseborough,* 158 AD2d 534). The trial was not particularly lengthy or complex and turned on the credibility of the complainant's identification testimony. Upon reviewing the communications between the court and the jury, we conclude that the court failed to adequately explore the genuineness of the deadlock with the jury itself (*see, Matter of Plummer v Rothwax, supra; see also, People v Campbell,* 203 AD2d 127; *People v Lewis,* 169 AD2d 579), and that, under these circumstances, the continued resubmission of the case to the jury had a coercive effect on the verdict (*see, e.g., People v Sheldon,* 136 AD2d 761).

In addition, we agree with the defendant that, under the particular circumstances of this case, the court erred in admitting his arrest photograph into evidence. Following a hearing on the defendant's omnibus motion, the trial court determined that the defendant's arrest was illegal, and the court sup-

pressed evidence of the line-up identification of the defendant by the complainant as fruit of the illegal arrest. At the trial, over defense counsel's objection, the court permitted the prosecutor to introduce into evidence the defendant's arrest photograph. The photograph showed the clothes worn by the defendant at the time of the incident, and, on summation, the prosecutor argued that the picture confirmed the complainant's description of the perpetrator.

The court erred in admitting the arrest photograph into evidence because the People failed to establish on this record that the photograph was acquired by means sufficiently attenuated from the illegal arrest (*see, United States v Crews,* 445 US 463; *Wong Sun v United States,* 371 US 471; *People v Stith,* 69 NY2d 313, 317-318; *People v Dodt,* 61 NY2d 408). The error cannot be considered harmless as the proof of the defendant's guilt was not overwhelming (*see, People v Crimmins,* 36 NY2d 230).

In view of our determination that the defendant is entitled to a new trial, we do not reach his remaining contentions. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.