■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY ERVIN JONES, Appellant. [666 NYS2d 646] —Appeal by the

defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered December 21, 1995, convicting him of burglary in the third degree, criminal mischief in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hammer recovered by the police from the defendant's automobile was properly admitted into evidence (*see, California v Carney,* 471 US 386; *People v Galak,* 81 NY2d 463; *People v Belton,* 55 NY2d 49).

The defendant's contention that the trial evidence, which consisted primarily of fingerprint evidence from the crime scene, was legally insufficient to establish his guilt, is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Murray,* 168 AD2d 573; *see also, People v Sital,* 220 AD2d 784, 785; *People v Minore,* 110 AD2d 661; *People v Sparacino,* 150 AD2d 814; *People v Vasquez,* 131 AD2d 523; *People v Talley,* 110 AD2d 792, 793; *People v Pena,* 99 AD2d 846, 847; *People v Bullard,* 59 AD2d 786, 787). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court was not obligated to use the "moral certainty" language in its circumstantial evidence charge. The charge as given adequately conveyed, in substance, the applicable legal principles (*see, People v Sanchez,* 61 NY2d 1022, 1024; *see also, People v Ford,* 66 NY2d 428, 441; *People v O'Gara,* 239 AD2d 215; *People v Davis,* 206 AD2d 833, 834; *People v Garvin,* 193 AD2d 814, 815; *People v Pate,* 182 AD2d 717, 718; *People v Harden,* 174 AD2d 691).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.