■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT R. WALKER, Appellant. [673 NYS2d 367] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered May 29, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 9 to 18 years, unanimously affirmed.

In this observation-sale case, the court properly exercised its discretion in precluding cross-examination of the observing officer concerning the brand name of heroin recovered from a man arrested for an unrelated narcotics sale at a nearby location. Although not collateral, as the trial court found, this evidence had little or no probative value, given the observing officer's testimony that he had defendant and his two codefendants, who formed a triangle at the corner at the time of sale, and the other man, who was 20 to 25 feet away, under constant observation in his line of vision, and that the other man was acting alone. The other man was Hispanic, hatless and wearing a beige jacket, blue jeans and brown shoes. On the other hand, defendant was a black man, wore a blue cap, beige coat, black pants and black and white sneakers. Thus, evidence of the brand name of the drugs recovered from the other man would only have distracted the jury from the relevant issues in the case. Moreover, as the record shows, two brands would not have been offered at the same location so that it would not be unusual if the other man was selling the same brand of heroin. Thus, the notion of confusion or mistake

in the observing officer's identification of defendant as the seller finds no support in the record and evidence of the brand of heroin sold by the other man was properly excluded. Such evidence could only give rise to speculation.

Defendant's challenges to the court's cross-examination of defendant and various comments by the court are unpreserved (*People v Charleston*, 56 NY2d 886), and we decline to review these claims in the interest of justice. Were we to review them, we would find that while some of the court's intervention into the trial went beyond what was necessary to clarify the proof, any error was harmless in light of the overwhelming evidence of defendant's guilt and the court's curative instruction that it had no opinion concerning the evidence, and that any questions posed by it should not be interpreted as such.

Defendant's claims with respect to the court's charge are unpreserved as well and we decline to review them in the interest of justice as well. Were we to review them, we would find that the court's charge was proper in all respects. The court appropriately instructed the jury on the concept of accomplice liability and presented a fair hypothetical to aid the jurors in understanding the legal principles involved (*see, People v Fagan*, 166 AD2d 290, *lv denied* 77 NY2d 838). The charge on credibility of witnesses, read as a whole, conveyed the proper standards.

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Andrias, JJ.