■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN JOHNSON, Appellant. [679 NYS2d 335] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 25, 1992, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

When the jury requests further instructions during its deliberations, the court must "give such requested information or instruction as [it] deems proper" (CPL 310.30). While the court possesses some discretion in framing its supplemental instructions, it must respond meaningfully to the jury's inquiries without prejudice to the defendant (*see, People v Almodovar,* 62 NY2d 126, 131-132, citing *People v Malloy,* 55 NY2d 296, 301, *cert denied* 459 US 847; *People v Gonzalez,* 293 NY 259, 262). A trial court is not precluded from supplying hypothetical examples in its jury instructions as an aid to understanding the applicable law (*see, People v Jones,* 216 AD2d 324; *People v Wise,* 204 AD2d 133; *People v Fagan,* 166 AD2d 290). However, the hypotheticals must be fair and balanced, must not indicate to the jury that the court has an opinion as to the defendant's guilt or innocence, and must not present factual patterns that are strikingly similar to the instant case (*see, People v Hommel,* 41 NY2d 427; *People v Calix,* 236 AD2d 550; *People v Williams,* 234 AD2d 912). In the instant case, the trial court's hypothetical examples were proper.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Miller, Thompson and Luciano, JJ., concur.