■ In the Matter of RICHARD C. SPIVACK, on Behalf of GLEN MILTON, Petitioner, v RICHARD A. BROWN et al., Respondents. [686 NYS2d 768] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying the petitioner under Queens County Indictment Number 1990/97 on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense, and application for poor person relief.

Ordered that the application for poor person relief is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner was charged under Queens County Indictment Number 1990/97 with robbery in the first degree and robbery in the second degree. The trial ended in a mistrial when the jury was unable to reach a verdict. The defendant contends that the court erred in declaring a mistrial and that reprosecution will violate his right under the State and Federal Constitutions against double jeopardy.

Pursuant to CPL 310.60 (1) (a), a mistrial may be declared when "[t]he jury has deliberated for an extensive period of time without agreeing upon a verdict * * * and the court is satisfied that any such agreement is unlikely within a reasonable time". Generally, the declaration of a mistrial due to a deadlocked jury is a matter of discretion for the trial court and its decision should be given great deference (*see, Arizona v Washington,* 434 US 497, 510; *People v Cheeseborough,* 158 AD2d 534; *People v Sparacino,* 150 AD2d 814).

After a six-day trial and over five hours of deliberations, the jury indicated to the court that it was deadlocked, whereupon the court gave a modified *Allen* instruction (*see, Allen v United States,* 164 US 492) and directed the jury to continue its deliberations. The next day, after about two and one-half hours of deliberations, and after the jury indicated to the court that it would not be reaching a unanimous decision in a reasonable amount of time, the court discharged one juror on the ground that she was ill and replaced her with an alternate juror upon the signed written consent of the defendant in open court (*see,* CPL 270.35). Shortly thereafter, the jury indicated to the court that the excused juror was not the basis of its inability to reach a verdict. Since the jury appeared to be genuinely deadlocked, it would have served no purpose to order them to continue to deliberate (*see, Matter of Plummer v Rothwax,* 63 NY2d 243). Therefore, the Supreme Court did not improvidently exercise its discretion in declaring a mistrial (*see, Matter of Plummer v Rothwax, supra*; *People v Sparacino, supra*). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.