■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HORACE, Appellant. [715 NYS2d 127] —Judgment unanimously affirmed. Memorandum: Defendant was convicted upon a jury verdict of rape in the first degree (Penal Law § 130.35 [2]) and sexual abuse in the first degree (Penal Law § 130.65 [2]). Contrary to defendant's contentions, the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant further contends that Supreme Court erred in denying his challenges for cause to five prospective jurors. We disagree. Defendant contends that his challenge for cause to one prospective juror should have been granted on the ground that a prospective witness was her cousin. Defendant did not challenge that prospective juror based upon that relationship (*see,* CPL 270.20 [1] [c]), however, and thus failed to preserve his contention for our review (*see, People v Laverpool,* 267 AD2d 93, 94, *lv denied* 94 NY2d 904; *People v Deschamps,* 256 AD2d 13, *lv denied* 93 NY2d 923; *People v Arredondo,* 226 AD2d 322, *lv denied* 88 NY2d 964). Defendant challenged four other jurors for cause pursuant to CPL 270.20 (1) (b). Where an issue concerning the ability of a prospective juror to be fair and impartial is raised, the prospective juror must state unequivocally that the juror's prior state of mind will not influence the juror's verdict, and that the juror will render an impartial verdict based solely on the evidence (*see, People v Johnson,* 94 NY2d 600, 614; *People v Blyden,* 55 NY2d 73, 77-78; *People v Biondo,* 41 NY2d 483, 485, *cert denied* 434 US 928). Based on our review of the voir dire transcript, we agree with the court that the jurors stated unequivocally that their prior states of mind would not influence their verdict and that they would render an impartial verdict based solely on the evidence.

Defendant also contends that the court erred in its charge to the jury concerning reasonable doubt and circumstantial evidence. We disagree. The court's reasonable doubt charge, which mirrored the charge set forth in 1 CJI(NY) 6.20, conveyed the proper standard of proof and did not improperly shift the

burden of proof (*see, People v Pochily,* 255 AD2d 695, 696, *lv denied* 93 NY2d 856; *People v Persaud,* 237 AD2d 538, 539, *lv denied* 89 NY2d 1098). The court's circumstantial evidence charge properly instructed the jury "that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" (*People v Sanchez,* 61 NY2d 1022, 1024; *see, People v Ford,* 66 NY2d 428, 441; *People v Davis,* 206 AD2d 833, 834, *lv denied* 84 NY2d 934).

We have examined defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Rape, 1st Degree.) Present—Hayes, J. P., Scudder, Kehoe and Lawton, JJ.