THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT HYLAND, Appellant. [847 NYS2d 201]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 8, 2005, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court's supplemental instructions in response to a note from the jury during deliberations were improper and prejudicial (*see* CPL 310.30; *People v Steinberg*, 79 NY2d 673, 684 [1992]; *People v Johnson*, 255 AD2d 337 [1998]). Contrary to the defendant's contentions, the court did not err in declining to grant the defense counsel's request for an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) in response to the jury's note that they were "11-1 and cannot resolve" since the jury had only deliberated for part of an afternoon when the note was given (*see People v Love*, 307 AD2d 528 [2003]; *People v Reed*, 230 AD2d 866 [1996]; *People v Kinard*, 215 AD2d 591 [1995]; *People v Fleury*, 177 AD2d 504 [1991]). The remainder of the defendant's claims regarding the court's supplemental instructions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Barboza*, 24 AD3d 460 [2005]).

Contrary to the defendant's contention, the representation provided by his trial counsel cannot be characterized as ineffective. Defense counsel's failure to request additional instructions in response to the note from the jury indicating a deadlock may have constituted a trial strategy to avoid agreement on a guilty verdict for a lesser-included offense (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Andujar*, 180 AD2d 743 [1992]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Ritter, J.P., Goldstein, Skelos and Dillon, JJ., concur.