MANN, Judge.
A shopper is entitled to touch merchandise without fear that his fingerprints alone will convict him if it is later stolen. Where fingerprints are found in a place open to the public, “the circumstances must be such that the print could have been made only at the time the crime was committed.” Ivey v. State, 176 So.2d 611, 612 (Fla.App.1965). See also Tirko v. State, 138 So.2d 388 (Fla.App.1962). This should not be taken literally to mean that the time of making the print is an element to be proved. It means simply that where a print is left in a place open to the public and there is no other evidence of identity the courts must assume that a defendant was shopping-rather than stealing. Here television sets taken from the property broken and entered were found in Dixon’s car. This adequately supports the inference that he was no mere shopper.
There may have been other evidence of identity visible to the jury but not preserved in the record through failure of the prosecutor to remember that we cannot see the parties.
Affirmed.
ALLEN, Acting C. J., and PIERCE, J., concur.