*883 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
It was error for the Trial Judge to refuse to charge as requested by defendant’s attorney that there was no evidence that an accomplice had participated in any of the crimes charged and to answer affirmatively the jury’s question whether if an accomplice to a burglary breaks a window to effect entry all participants in the burglary are guilty of criminal mischief (People v Montgomery, 176 NY 219, 230, 232; see People v Stevenson, 31 NY2d 108). That the jury had posed an earlier inquiry in words including the phrase “based on the evidence” is irrelevant, there being no evidence upon which they could find that there was an accomplice. Likewise irrelevant is the fact that the question affirmatively answered by the Trial Judge ultimately addressed only the criminal mischief count, for it was predicated on their being “an accomplice to a burglary” (emphasis supplied) and was preceded by a broader inquiry concerning accomplices generally which the Trial Judge had declined to answer.
Defendant testified that he discovered one of the complainant’s dogs on the apartment stairs, took it back to complainant’s apartment and found the door open and the apartment in disarray. He also called as a witness the arresting officer who testified that defendant was arrested in his apartment, but that a search of the area turned up none of the property claimed to have been stolen. By arguing based upon that evidence that someone other than defendant had burglarized complainant’s apartment, defendant’s attorney did not open the door to an accomplice theory as to which there was no evidence. Nor did his failure to object to the prosecutor’s suggestion in summation of the possibility of an accomplice warrant the Trial Judge’s denial of his request and affirmative response to the inquiry, for that failure could not supply the missing evidence necessary to support the affirmative response.
That the improper accomplice charge may well have been potent in shaping the verdict on all of the charges is suggested by the questions asked by the jury, as indicated *884 above. At the very least, it adversely affected defendant by explaining away the facts on which he based his claim of innocence. There should, therefore, be a new trial on the entire indictment, including the assault charge based as it was on. the claim that physical injury to complainant was caused during the commission of a felony.
The only objection to the proof of value having been that it was not the best evidence, defendant’s present argument as to its sufficiency to prove the larceny charge was not preserved and is not considered.
Chief Judge Cooke and Judges Jasen,. Jones, Wachtler, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed and case remitted to Supreme Court, Bronx County, for a new trial, in a memorandum.