466 So.2d 239 (1984)
Jerry MILES, Appellant,
v.
STATE of Florida, Appellee.
Willie Mac HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
Nos. AQ-457, AR-3.
District Court of Appeal of Florida, First District.
October 11, 1984.
Rehearing Denied April 9, 1985.
John Lewis Allbritton, Pensacola, for appellant Jerry Miles.
Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant Willie Mac Hampton.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Miles and Hampton were tried and convicted of burglary and grand theft. Both appellants contend that fingerprint evidence, the sole evidence relied upon by the State to identify them as the criminals, was legally insufficient to support their convictions.
The law is clear that, where fingerprint evidence is relied upon to establish that the defendant committed the crime, the circumstances must be such that the print could have been made only at the time the crime was committed. Tirko v. State, 138 So.2d 388, 389 (Fla.3d DCA 1962). "Where the sole evidence linking a defendant to the crime is fingerprints *240 found in a place or on a thing accessible to the general public and there is no other evidence to show that the prints were made at the time of the crime, see, e.g., Williams v. State, 247 So.2d 425 (Fla. 1971), courts must conclude that a defendant is entitled to a judgment of acquittal." Sorey v. State, 419 So.2d 810, 812 (Fla.3d DCA 1982).
One set of latent fingerprints was the evidence presented by the State to establish that appellant Miles was a co-perpetrator of the crimes charged. These fingerprints were found on a thing accessible to the general public, to-wit: the interior framing of the broken store window, but the fingerprints were pointed downward on the interior side of the framing which held the glass in place. The location and direction of the fingerprints indicate that they were made after the window was broken. Placement of the prints by Miles while a shopper or otherwise lawfully inside the store was not a reasonable hypothesis since (1) the prints were located about shoulder height and were pointing downward; (2) there was a twelve-inch-wide ledge running directly underneath the window; and (3) the window itself, if unbroken, would have hindered a person in placing his hand and arm in the position necessary to make the prints. Thus, a reasonable jury could find beyond a reasonable doubt that the fingerprints of appellant Miles were made at the time the crime was committed.
Three sets of latent fingerprints constitute the State's evidence to establish that appellant Hampton was the co-perpetrator of the crimes charged. One set of prints was located outside the point of entry. The other two sets were located inside the point of entry. Unlike the location and direction of his co-defendant's fingerprints, the location and direction of Hampton's prints are such that the prints could have been made before the commission of the crime. The bench was accessible to the general public, and it is foreseeable that a person sitting on the bench could have rested his left palm in two different places on it. In Ivey v. State, 176 So.2d 611 (Fla.3d DCA 1965), the only evidence to prove the identity of the defendant was a fingerprint on a glass jalousie from the front door of the store building. The court held the evidence insufficient, stating (Ivey, supra at page 612):
The State concedes that this case is governed by the principle set forth in Tirko v. State, Fla.App. 1962, 138 So.2d 388, that fingerprint evidence must meet the requirement that the circumstances must be such that the print could have been made only at the time the crime was committed. This requirement was not met in this case because the print was in a public place and the record does not preclude that it might have been placed there some time before the crime.
The defect is not cured by the fact that the appellant stated to a policeman that he had never been in Florida City where the building was located nor is it cured by the testimony of the owner that he had never seen the appellant there.
Similarly, in the instant case, the State has not established that Hampton's fingerprints could have been made only at the time the crime was committed. Although the prints on the bench are consistent with someone placing his hands on the bench as he crawled through the broken window, they are also consistent with someone merely sitting, with his palm resting on the bench. Hampton's print found on the aluminum frame of the window is indeed consistent with someone touching or grasping the frame as he crawled through the window. However, it is also consistent with someone window-shopping and placing his hand upon the frame. Accordingly, we reverse Hampton's conviction, since he was entitled to a judgment of acquittal. In view of this decision, we need not reach Hampton's other points on appeal.
The conviction of appellant Miles is AFFIRMED. The conviction of appellant Hampton is REVERSED.
ERVIN, C.J., and BOOTH and WENTWORTH, JJ., concur.

*241 ON MOTION FOR REHEARING
PER CURIAM.
The state's motion for rehearing implies that our opinion filed October 11, 1984, reversing appellant Hampton's conviction, is inconsistent with the supreme court's opinion in Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983). Our opinion stated that the location of the fingerprints, accessible to the public, was not evidence establishing that the prints could have only been made at the time the crime was committed. The state argues that the opinion, stating that while their location was consistent with guilt, it was also consistent with innocence, clashes with the holding in Rose, to the effect that whether all reasonable hypotheses of innocence have been excluded by the state's proof is a jury question, and cannot be resolved by the court. What, in fact, Rose states is
[w]hether, as defendant asserts, the evidence failed to exclude all reasonable hypotheses of innocence is for the jury to determine, and we will not reverse a judgment based upon a verdict returned by a jury where there is substantial, competent evidence to support the jury verdict. Welty v. State, 402 So.2d 1159 (Fla. 1981); Clark v. State, 379 So.2d 97 (Fla. 1979), cert. denied, 450 U.S. 936, 101 S.Ct. 1402, 67 L.Ed.2d 371 (1981).
425 So.2d at 523. Obviously Rose restricts the above statement to the facts before it. Unlike the case at bar, there was in Rose substantial, competent evidence to support the verdict  evidence which sufficiently excluded all reasonable hypotheses of innocence. Additionally, the nature of the circumstantial evidence in Rose was far different from that at bar. Here the only evidence presented against the defendant Hampton was, as stated, fingerprints, identified as his, which could have been placed on the property involved at a time other than the time the offense was committed.
If we were to accept the state's argument, in cases involving fingerprint identification, that the question of whether a reasonable hypothesis of innocence has been excluded by the state's proof must always be a jury question, we would be ignoring a long line of precedent holding to the contrary. See, e.g., Tirko v. State, 138 So.2d 388 (Fla. 3d DCA 1962); Ivey v. State, 176 So.2d 611 (Fla. 3d DCA 1965); Dixon v. State, 216 So.2d 85 (Fla. 2d DCA 1968); Wilkerson v. State, 232 So.2d 217 (Fla. 2d DCA 1970); Arant v. State, 256 So.2d 515 (Fla. 1st DCA 1972); Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984). We would also be shutting our eyes to the time-honored test for reviewing the denial of a motion for judgment of acquittal in cases involving circumstantial evidence; that test being simply "whether the jury, as trier of fact, might reasonably conclude that the evidence excluded every reasonable hypothesis but that of guilt." Lowery v. State, 450 So.2d 587, 588 (Fla. 1st DCA 1984).
The state's reference to Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982), as support for its position that when a defendant presents no evidence concerning how his fingerprints were located in a certain area, the jury is then not obliged to accept the lawyer's theory of the defense, is also unavailing. The Sorey court was careful to point out that appellant's prints were found on property located in a place inaccessible to a member of the public; therefore the state, under such circumstances, was not required to contradict the defense counsel's unsupported hypothesis as to how Sorey's prints were placed thereon. The important distinguishing fact in the case at bar is that Hampton's prints were located on property accessible to the public.
We cannot impose a rule upon a defendant in a criminal trial requiring him to come forward with evidence disclosing why his fingerprints were found in an area accessible to the public, when it remains the burden of the state to present sufficient evidence to be considered by a jury. To so rule would shift the burden to the defendant, despite the state's failure to meet its burden of excluding all reasonable hypotheses of innocence.
*242 For the reasons stated, the motion for rehearing is denied.
ERVIN, C.J., and BOOTH and WENTWORTH, JJ., concur.