■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS GONZALEZ, Appellant. [599 NYS2d 30] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered August 15, 1991, convicting defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, two counts of criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him to three terms of 5½ to 11 years and a definite term of one year, respectively, all to be served concurrently, unanimously affirmed.

Defendant's argument that he was deprived of a fair trial by the prosecutor's remarks on summation is largely unpreserved, and we decline to reach it in the interest of justice. Were we to consider this argument, we would find that the comments do not constitute reversible error.

While the prosecutor's reference to tailoring was improper *(People v Butler,* 185 AD2d 141, 144), the majority of his remarks were properly prefaced with language recognized as indicating suggestion, such as "I submit" and "I suggest" *(People v Hernandez,* 91 AD2d 227, 230, *revd on other grounds* 59 NY2d 881). Furthermore, referring to defendant's fact recitation as a "story" is not prohibited; it falls within the broad bounds of permissible rhetorical comment *(People v Rivera,* 158 AD2d 344, *lv denied* 76 NY2d 741). The majority of the prosecutor's remarks constitute fair response to defendant's summation, and the evidence of defendant's guilt was overwhelming *(People v Morgan,* 66 NY2d 255).

Several of defendant's remaining arguments are unpreserved, and all are without merit. Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Asch, JJ.