640 So.2d 126 (1994)
Robert LEE a/k/a Calvin Sessions, Appellant,
v.
STATE of Florida, Appellee.
No. 93-318.
District Court of Appeal of Florida, First District.
July 25, 1994.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PADOVANO, PHILIP J., Associate Judge.
The defendant, Robert Lee, was convicted of burglary and he appeals to this court. One of the arguments for reversal is that the State failed to present sufficient evidence of guilt. Because we agree with the defendant on this point, we reverse his conviction without discussion of the remaining issues.
When Reverend Rubinsky Reed arrived at the Ebenezer United Methodist Church in Jacksonville on the morning of August 8, 1992, he discovered that there had been a burglary to the church. Several window panes were broken, an air conditioning unit had been removed from its frame in the wall, and a VCR was missing. Reverend Reed was unable to identify the brand name of the air conditioner or the VCR and, apparently, the serial numbers were not available in any of the church documents.
An evidence technician lifted latent fingerprints from the door to Reverend Reed's office and from pieces of the broken window panes. The fingerprint identification expert testified that a fingerprint on the window pane was that of the defendant, but he could not say whether the surface he was examining was the inside or the outside of the window. The fingerprints lifted from the door were not suitable for identification.
At the time of the burglary, the defendant was living with his sister, Barbara Lee. The State called Ms. Lee as a witness and she testified that she had seen the defendant in the early morning hours of August 8, 1992, with an air conditioner. She said that he discarded the air conditioner in a garbage dumpster because it did not work. On the next day, the defendant brought a VCR into the house. Ms. Lee could not identify the brand name of the VCR.
When Detective Robinson learned of the fingerprint identification, he went to Barbara Lee's house to look for the defendant. While *127 he was in the house speaking with Barbara Lee, Detective Robinson noticed the VCR. He did not take the VCR or attempt to have it examined for fingerprints. He explained that he was convinced the VCR in the Lee residence was not the one taken from the church.
At the close of the State's case, the defendant moved for a judgment of acquittal. He argued that there was no proof the VCR and the air conditioner referred to in the testimony were the same as those taken from the church, and that the fingerprint may have been placed on the outside of the window to the church. The trial judge denied the motion and the jury ultimately rejected the defendant's explanation regarding the fingerprint.
The facts of this case would lead a reasonable person to suspect that the defendant committed the burglary but they are not sufficient to sustain his conviction. Circumstantial evidence can support a conviction for a crime only if it is consistent with guilt and inconsistent with any reasonable hypothesis of innocence. State v. Law, 559 So.2d 187 (Fla. 1989); McArthur v. State, 351 So.2d 972 (Fla. 1977). Proof that the defendant's fingerprint was on the broken window pane is not sufficient evidence of guilt because the expert witness was unable to exclude the possibility the fingerprint was placed on the outside of the window. Reynoso v. State, 621 So.2d 558 (Fla. 4th DCA 1993); State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976).
The evidence revealed that the defendant was in possession of an air conditioner and a VCR, but the inference that could be drawn from this evidence is also insufficient. There was no proof that these items were the same as those taken from the church. The air conditioner and VCR were not identified by brand name or even by a general description. If anything, the testimony presented by the State tends to show that the VCR in Barbara Lee's home was not the VCR taken from the church during the burglary.
The evidence does not rise to the level of legal sufficiency merely because there is more than one inference that could be drawn against the defendant. A conviction for a criminal offense cannot be based entirely on a series of inferences. Weeks v. State, 492 So.2d 719 (Fla. 1st DCA 1986), rev. dismissed, 503 So.2d 328 (Fla. 1987); Collins v. State, 438 So.2d 1036 (Fla. 2d DCA 1983); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978). In this case the jury would have to infer guilt from two inferences, neither of which would be sufficient alone to support a conviction of burglary. The combined effect of these inferences adds to the suspicion but it does not serve as a basis to affirm the defendant's conviction.
For these reasons, the conviction is reversed.
SMITH and MINER, JJ., concur.