BENTON, Judge,
dissenting.
Without reaching the merits, I dissent from the judgment of the court. An examination of the record persuades me that Mr. Everly’s appeal presents at least one arguable point, yet no lawyer is advocating reversal of his conviction. Before proceeding, I would appoint substitute counsel to represent the appellant. See Penson v. Ohio, 488 U.S. 75, 83-84, 109 S.Ct. 346, 351-52, 102 L.Ed.2d 300 (1988).
Notice of appeal was filed in this case on February 25,1992. On March 2,1992, counsel who had represented Everly at sentencing moved to withdraw, asking that the Public Defender be appointed to handle the appeal. The motion was granted. On December 30, 1992,[2] however, an assistant public defender filed an Anders brief, asserting that he could not in good faith argue for reversal. Accompanying the Anders brief was a motion to allow Mr. Everly to file his own brief pro se.[3]
On January 15, 1993, Everly filed a “motion for conflict free special counsel, and to deny Ander’s brief.”[4] In this motion, Everly asked that “new special counsel” be appointed and given time to review the record, on grounds that “proper review of the record on appeal and research of the applicable law” would allow substitute counsel “to make a good faith argument that trial court co[m]mi[t]ted reversible error.” The motion, which requested that counsel be appointed because of Everly’s asserted inability to represent himself fully and effectively, was denied on February 4, 1993.
Decisions reversing convictions for insufficiency of the evidence, despite circumstantial evidence establishing highly suspicious behavior,[5] make it clear that a reasonable argu *312 ment can be made here to the effect that the circumstantial evidence presented at appellant’s trial was insufficient to prove either that he entered the motel room intending to commit a crime or that he actually took the missing money. See State v. Law, 559 So.2d 187 (Fla.1989) (evidence must preclude any reasonable hypothesis of innocence).
The question on which I differ from the majority is not whether Judge Zehmer’s cogently expressed view of the evidence in the present case is the correct one. The preliminary question on which I dissent is whether, in light of the record in this case, Mr. Everly has a constitutional right to the assistance of counsel in presenting his appeal. Douglas v. California, 372 U.S. 353, 355-56, 83 S.Ct. 814, 815-16, 9 L.Ed.2d 811 (1963). I conclude that he does. Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); Douglas; Smith v. State, 496 So.2d 971 (Fla. 1st DCA 1986).
Effective assistance of counsel requires “active and vigorous” advocacy by counsel. See Penson, 488 U.S. at 83-84, 109 S.Ct. at 351-52. In McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 439 n. 13, 108 S.Ct. 1895, 1902 n. 13, 100 L.Ed.2d 440 (1988), the Court explained that the filing of an Anders brief does not meet this requirement.
It is essential to keep in mind that the so-called “Anders brief’ is not expected to serve as a substitute for an advocate’s brief on the merits, for it would be a strange advocate’s brief that would contain a preface advising the court that the author of the brief is convinced that his or her arguments are frivolous and wholly without merit. Rather, the function of the brief is to enable the court to decide whether the appeal is so frivolous that the defendant has no federal right to have counsel present his or her case to the court.
I respectfully dissent because in my view Mr. Everly has been deprived of the federal right to have counsel present his case to the court. Penson, 488 U.S. at 82-83, 109 S.Ct. at 351; McCoy, 486 U.S. at 444,108 S.Ct. at 1904-05; Hatten v. State, 561 So.2d 562 (Fla.1990); *313 Hooks v. State, 253 So.2d 424 (Fla.1971); Smith, 496 So.2d at 971.

. The Public Defender was appointed on April 23, 1992. On June 2, 1992, the assistant public defender’s motion for an enlargement of time to submit an initial brief was granted: time for filing the initial brief was extended to June 29. On July 1, 1992, the court granted an additional sixty-day extension so that an assistant public defender could reconstruct the record from the trial court and then prepare the initial brief. Further extensions were granted for this purpose on September 11, October 26, and December 14, 1992.

. By order entered on January 15, 1993, appellant was granted thirty days to file an initial brief. After three extensions of time, Mr. Everly filed his initial brief on April 23, 1993, asserting, inter alia, that the circumstantial evidence presented at trial was legally insufficient to support the burglary conviction.

. That portion of the motion relating to "conflict free special counsel” relates to the withdrawal of the Public Defender for the Fourteenth Judicial Circuit at the trial level for reasons not relevant here.

. Suspicious behavior was held legally insufficient to support an adjudication of delinquency in G.H. v. State, 599 So.2d 231 (Fla. 3d DCA 1992). Spotted near a parked van, the juvenile defendant ran from the lot where the van was parked. Inspection revealed deep scratches in the van. Evidence of “bad blood” between G.H. and the owner of the van was also introduced. The delinquency adjudication finding G.H. responsible for the scratches was reversed because the evidence was not inconsistent with an hypothesis of innocence. Id.
Just this year in Lee v. State, 640 So.2d 126 (Fla. 1st DCA 1994), a different panel of this *312 court reversed a burglary conviction based on circumstantial evidence that had convinced the jury of Lee’s guilt. In Lee, a church was broken into and an air conditioning unit and a video cassette recorder were stolen. A fingerprint identified as Lee's was taken from a window shard found at the scene, although the expert could not determine whether the surface which yielded the print had been the exterior or interior of the pane. Lee's sister, with whom he was living, testified that Lee discarded an air conditioner in a dumpster on the morning of the burglary and that he brought a video cassette recorder into the house the next day. The Lee court concluded that "[t]he facts of this case would lead a reasonable person to suspect that the defendant committed the burglary but they are not sufficient to sustain his conviction.” Id. at 127.
In C.C.P. v. State, 479 So.2d 858, 859 (Fla. 1st DCA 1985), the court reversed an adjudication of delinquency for burglary and grand theft charges based on an aider and abettor theory, where the evidence consisted
essentially of the testimony of a store manager stating that his store was burglarized, ... and appellant's confession, admitting his presence in an automobile at the store premises while two other persons left the car, and returned two and one-half hours later, placing four or five bags in the trunk. Appellant also admitted having prior knowledge that the two others intended to burglarize the store and take goods therefrom. Finally, he admitted that another person remained in the car for the puipose of serving as a lookout.
The court concluded that C.P.P. was entitled to a judgment of acquittal because the state's evidence did not eliminate the hypothesis that he had had a change of heart and decided against participating in the commission of the crime. Id. at 859.
Even more recently than Lee, still another panel of this court reversed convictions in Evans v. State, 643 So.2d 1204 (Fla. 1st DCA 1994), on grounds of insufficiency of the evidence. The Evans court reversed convictions for shooting into a building and criminal mischief, based on an aiding and abetting theory, on grounds that the evidence failed to establish that Evans either assisted the person or persons who committed the crime or intended to participate himself. The evidence established Evans’ presence in the cab of a pickup truck from the hack of which a person or persons shot out several store windows (with some fifty-seven rounds of ammunition.) In a taped statement, Evans admitted that he and Scott, the owner of the truck, had been present while Godfrey and two other persons discussed shooting out the store windows in retribution for the earlier beating of a friend. Later, when Scott, with Evans in the cab and the other three in the back of the truck, drove by the store, one or more of the persons in the back fired at the store. The Evans court, citing C.P.P., overturned the jury's verdict that Evans had aided and abetted.