656 So.2d 950 (1995)
Sylvester WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2870.
District Court of Appeal of Florida, Fifth District.
June 16, 1995.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
The Wilson home was burglarized by someone who entered the house through a broken window in the back bedroom. Sylvester Walker's fingerprint was found on that window trim at the location where one might place his hands in order to push the window up from the outside. Although this was the only evidence connecting him to the premises, he was convicted of burglary of a dwelling and grand theft.
Walker appeals the trial court's refusal to grant a judgment of acquittal at the conclusion of the evidence contending the fingerprint evidence, standing alone and in light of his testimony as to how the fingerprint might have been placed there at a prior time, was insufficient to sustain his conviction. We disagree and affirm.
Walker, although admitting that he never had consent to be on the property, urges that he and other youths in the neighborhood sometimes used a path that crossed the Wilsons' back yard. In addition, he stated that when the Wilsons' house was being painted, the painter permitted him to paint a small portion near the bedroom window.[1] While Walker doesn't remember ever touching the windowsill during these excursions onto the Wilson property, he cannot say that he did not do so.
The Wilsons' landlord, however, testified that he was present when the house was being painted and Walker was not on the premises throughout the painting process.
We start with the proposition that the windowsill of a backyard window leading into *951 a bedroom is not "accessible to the general public," and a fingerprint found there after the window was broken and used as access for an illegal entry into the home of another raises an inference that the prints were placed there at the time of the forced entry.[2] In State v. Mattox, 441 So.2d 648, 650 (Fla. 1st DCA 1983), the court held that evidence that the "defendant's fingerprint was placed at the point of entry at the time of the burglary; that the fingerprints were in a location where one engaged in a burglary could have placed them; that the relative location of where the prints were found does not give rise to the reasonableness of prior access; and that the defendant had no authorization to be on the premises" was sufficient to overcome a motion to dismiss.
In Williams v. State, 308 So.2d 595 (Fla. 1st DCA), cert. denied, 321 So.2d 555 (Fla. 1975), the court, based on the facts of that case, refused to distinguish between fingerprints found at a public versus a private location on the premises and instead adopted "the reasonableness of prior access" standard. Even so, the unauthorized use of a pathway across the backyard of a house does not indicate reasonable access to the sill of a bedroom window. There are few places that cannot be "accessed" by illegal trespass but that does not negate the evidentiary value of fingerprints found at the scene of the crime.
Since Walker's testimony concerning his being permitted to paint an area around the bedroom window was contradicted by other testimony, the issue of believability was left to the jury.[3] The jury did not believe Walker.
We affirm his convictions.
We are required to reverse Walker's sentence because the court failed to comply with the requirement (then in effect) of section 39.059, Florida Statutes (1993), that written findings of fact justifying the use of adult sanctions be entered. We, therefore, reverse for resentencing.
AFFIRMED in part; REVERSED in part and REMANDED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Walker also contends that before the Wilsons moved into the home, he and other youths used the house as a clubhouse. Even so, this would also have been before the home was painted and thus was of little evidentiary value. It is not surprising that the jury rejected his testimony.
[2] In People v. Atwood, 223 Cal. App.2d 316, 35 Cal. Rptr. 831, (Cal. App. 1st Dist. 1963), the court held:

Fingerprint evidence is the strongest evidence of identity, and is ordinarily sufficient alone to identify the defendant... . Where such prints are found at the place of forced entry, particularly where such location is normally inaccessible to others, there is a reasonable basis for the inference that the prints were made there at the time of the commission of the offense and under such circumstances may alone be sufficient to identify the accused. Fingerprints under other proper circumstances may alone be sufficient to identify the accused, as for example where he was not on the premises before the commission of the crime, or the jury rejects his testimony that he was, or accepts other testimony precluding the possibility of an earlier imprinting of the fingerprints.
Atwood, 35 Cal. Rptr. at 837 (citations omitted).
[3] See, for example, People v. Minore, 110 A.D.2d 661, 487 N.Y.S.2d 393 (N.Y.A.D. 2 Dept. 1985), in which the court held that where the defendant's prints were found on a mirror that had been cleaned shortly before the burglary, the jury could properly infer that he had entered the premises intending to commit the crime. As to the defense, the court stated:

Defendant's claim that he entered the premises after the burglary had been committed and innocently touched the mirror was properly rejected by the jury.
Minore, 487 N.Y.S.2d at 394.