■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN J. BURKE, JR., Appellant. [635 NYS2d 733] —Peters, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 11, 1994, upon a verdict convicting defendant of the crime of absconding from temporary release in the first degree.

Defendant, incarcerated at Ogdensburg Correctional Facility in St. Lawrence County, was temporarily released on August 5, 1993 upon the condition that he return on or before 3:00 P.M. on August 11, 1993. He failed to return to the facility and was taken into custody on August 14, 1993 in Chemung County. Following a jury trial, he was found guilty of absconding from temporary release in the first degree, a class E felony (*see*, Penal Law § 205.17), and was sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years.

Among the numerous errors alleged on this appeal, defendant contends that the indictment should be dismissed since the County Court of Chemung County did not have geographical jurisdiction over the offense. Relying upon *People v Scannelli* (49 AD2d 648), defendant argues that since he was released from Ogdensburg Correctional Facility in St. Lawrence County, only that county would have jurisdiction over this offense. While *People v Scannelli* (*supra*) did hold that the County Court in the county where the correctional facility was located had ample authority to entertain jurisdiction over the crime of absconding, such determination did not preclude other counties from exercising jurisdiction when appropriate. Pursuant to CPL 20.40 (1) (a), when defendant went to Chemung County during the term of his release and failed to leave such county to return to his correctional facility located in St. Lawrence County, Chemung County appropriately exercised geographic jurisdiction over the subject offense.

We further reject defendant's contention that the distinction between first degree absconding from temporary release, a class E felony (Penal Law § 205.17), and second degree absconding from temporary release, a class A misdemeanor (Penal Law § 205.16), is unconstitutional because it primarily differentiates between a failure to return to a State correctional facility as opposed to a local facility. Contending that such differentiation caused a violation of his equal protection and/or due process rights since the conviction upon which he was incarcerated did not require that he be sentenced to State

prison, we note that such an argument has been previously raised and rejected by this Court (*see, People v James*, 70 AD2d 706, 707; *People v Scannelli*, 49 AD2d 648, 649, *supra*).

As to defendant's contentions alleging prosecutorial misconduct in summation, our review thereof reveals no statements that were inflammatory or prejudicial. We find the statements noted by defendant to be either rhetorical questions posed to the jury or statements made in response to defendant and his attorney's attempt to categorize him as an "angel" (*see, People v Gonzalez*, 194 AD2d 436, *lv denied* 82 NY2d 718).

As to the County Court's *Sandoval* ruling (*see, People v Sandoval*, 34 NY2d 371), which permitted the prosecution to cross-examine defendant concerning an 11-year-old theft conviction, we find no error since it is well settled that such "lapse [of time] * * * is not sufficient reason in and of itself to prohibit the prosecution from inquiring about its underlying facts" (*People v Tucker*, 165 AD2d 900, 901). We further reject defendant's contention that his sentence is harsh and excessive since he failed to return to or communicate with the correctional facility despite his access to substantial funds which enabled him to return by other means. Moreover, while defendant steadfastly maintains that he never intended to abscond, his conduct and statements made to law enforcement authorities belie this contention.

Finally, we find no abuse of discretion in imposing the mandatory surcharge since defendant may pay such amount from the money he earns while in a prison work release program or from his inmate fund. Therefore, we find the waiver application premature (*see, People v Hairston*, 140 AD2d 744, *lv denied* 72 NY2d 919; *People v Peralta*, 127 AD2d 803, *lv denied* 69 NY2d 953).

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.