725 So.2d 412 (1999)
Paul Michael NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-300
District Court of Appeal of Florida, Fifth District.
January 8, 1999.
Rehearing Denied February 16, 1999.
James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The appellant, Paul Nelson, was convicted of second degree murder in the stabbing death of Georgia Mae Tobler. Nelson asserts that the trial court erred in not granting his motion for judgment of acquittal because the state did not present sufficient circumstantial evidence to overcome his hypothesis of innocence.
Tobler, a crack cocaine dealer, was fatally stabbed in her home on the evening of April 13, 1996 sometime prior to 9:50 p.m. when her nephew, Jermaine Lewis, found her body and called 911. She was found lying face down on the floor by the front door. Some twenty rocks of crack cocaine were found next to her. There was a great deal of blood in the room.
Katrina Boyder told police her boyfriend, Jerry Hopkins, and Nelson left their home that evening around 8:30 p.m. to go and buy crack cocaine. Nelson was wearing yellow corduroy pants. They came back around midnight and both acted nervous. Nelson had changed into some of Hopkins' clothes and they proceeded to dispose of the blood-stained yellow corduroy pants. Hopkins told Boyder that they had gone to Tobler's house to buy cocaine and found her lying on the floor covered with blood.
Nelson gave inconsistent accounts to the police but finally admitted he had been at the victim's house to buy cocaine. He claimed she was already dead when he got there, and was lying on her sofa with blood on her chest. He stated he moved her on the sofa and got blood on himself in the process, then heard someone else moving in the house and *413 ran back outside and left with Hopkins in the latter's truck.
On appeal Nelson's primary argument is based on the law pertaining to circumstantial evidence as set forth in State v. Law, 559 So.2d 187, 189 (Fla.1989):
It is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to "rebut conclusively every possible variation" of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. If the rule were not applied in this manner, a trial judge would be required to send a case to the jury even where no evidence contradicting the defendant's theory of innocence was present, only for a verdict of guilty to be reversed on direct appeal.
Nelson argues that the state has not presented evidence inconsistent with his theory of eventsi.e., that he came upon the victim's body after some other cocaine customer had killed her earlier in the evening. That would account for the blood on his pants. He asserts that there is no evidence to contradict his testimony that he ran away in fright because he heard a noise in the house. In other words, his version of events and the state's evidence are consistent with Tobler having been stabbed by some unidentified person prior to his arrival at her house. Every reasonable doubt as to his innocence, says Nelson, has not been excluded by the state's evidence.
The state, on the other hand, argues that it introduced competent evidence inconsistent with Nelson's theory of events, and therefore it became the jury's duty to determine whether the evidence was sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. See State v. Law; Penn v. State, 574 So.2d 1079 (Fla. 1991); Evans v. State, 692 So.2d 966 (Fla. 5th DCA 1997); Haas v. State, 567 So.2d 966 (Fla. 5th DCA 1990), aff'd, 597 So.2d 770 (Fla.1992). The jury could properly find Nelson's hypothesis unreasonable, says the state, in view of the extensive blood stain on his clothing, the location of the body by the door rather than on the sofa, his failure to report the death, and his disposal of evidence (his clothes).
We agree with the state that this case was properly submitted to the jury, and we find no merit in Nelson's other arguments on appeal relating to the state's closing argument and the trial court's curtailment of cross-examination as to the number of pages in the investigative reports of the detectives when there was no showing that any relevant discovery information had been withheld from the defense.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.