VAN NORTWICK, J.
Clifford Donell Williams appeals his conviction and sentences for burglary of an occupied structure and petit theft of a VCR. Because appellant’s convictions were based solely on fingerprint evidence on the VCR when it was found in an open and public location, and appellant’s hypothesis of innocence, that the prints were made when he picked the VCR up from the side of a well-traveled road to look at it, was reasonable as a matter of law, we reverse.
At approximately 8:30 p.m. on February 26, 1997, Jeffrey Blair, an employee of Ford Housing, saw a male leave the area of his office, exit the building, and begin running toward Corporate 'Woods Drive. Officer Harris responded to his call and the two found nothing amiss. An hour later, Blair left work, and, as he headed toward Corporate Woods Drive, he saw a VCR beside the road in the grass. Suspecting that it might be the VCR from his office, he returned to the office and discovered the office VCR was missing from the conference room. When Officer Harris received a call to return a second time, it was approximately 10:00 p.m. Officer Harris retrieved the VCR which was processed for prints. Fingerprints recovered from the VCR belonged to appellant. Blair could not identify appellant as the man he saw leaving his office.
After waiving his right to a jury trial, appellant was tried on charges of burglary and petit theft before a judge. Upon presentation of the state’s case, summarized above, appellant moved for a judgment of acquittal arguing that as a matter of law the state failed to establish beyond a reasonable doubt that his prints were placed on the VCR at the time of the crime. The trial court denied the motion.
Appellant then testified that he was walking from the shopping mall toward Corporate Woods Drive where he was going to a local restaurant for a sandwich. He saw a VCR on the side of the road, stopped and picked it up to see if it was junk. Appellant testified that the VCR was wet, and, since he knew how expensive it would be to repair a VCR, he left the machine by the side of the road.
At the close of appellant’s testimony, defense counsel renewed the motion for judgment of acquittal. Commenting that he did not find appellant to be a credible witness, the trial judge denied the motion for judgment of acquittal. In so doing, the trial judge erred.
The law is clear that when the state relies solely upon fingerprint evidence to establish a defendant’s guilt, the evidence must demonstrate that the fingerprints could have been made only when the crime was committed. Mutcherson v. State, 696 So.2d 420, 422 (Fla. 2d DCA 1997); C.E. v. State, 665 So.2d 1097, 1098 (Fla. 4th DCA 1996); Knight v. State, 294 So.2d 387, 388-389 (Fla. 4th DCA 1974). Where the print is found on an item or in a place accessible to the general public, and no other evidence establishes that the prints were made at the time of the crime, the defendant is entitled to a judgment of acquittal. C.E. v. State, 665 So.2d at 1098.
As explained in Sorey v. State, 419 So.2d 810, 813 (Fla. 3d DCA 1982):
The hypothesis of innocence, that prints were made at a time other than the time of the crime, is then reasonable as a matter of law where the prints are found in a place or on a thing which is accessible to the general public and where there is no other evidence to show that the prints were made at the time of the crime.
*29 In this case, appellant’s hypothesis of innocence was reasonable as a matter of law because the prints were found on the VCR which had been alongside a well-traveled road for approximately 90 minutes easily accessible to the general public. The VCR was located in a place where anyone could pick it up, as appellant claimed he did. Accordingly, the trial court erred in failing to grant appellant’s motion for judgment of acquittal.
REVERSED and REMANDED with directions that appellant be discharged.
ALLEN AND WEBSTER, JJ„ CONCUR.