814 So.2d 1190 (2002)
K.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1520.
District Court of Appeal of Florida, Fifth District.
April 19, 2002.
*1191 James B. Gibson, Public Defender, and Allison Toller, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tammy L. Jaques, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
K.S. appeals from an order adjudicating him delinquent and placing him on probation for armed burglary of a dwelling with a firearm and grand theft of a firearm. His primary argument on appeal is that the trial court erred in denying his motion for judgment of acquittal because the only evidence connecting him with this crime was one fingerprint on the outside of the victim's (Hanson) window and the state failed to rebut his reasonable hypothesis of innocence, in this circumstantial evidence case. We affirm.
Hanson's home in St. Cloud, Florida, was the site of a burglary on January 8, 2001. K.S. lived in a house on the next road. At about 9:45 a.m., Hanson saw K.S. walking through her front yard. As soon as he heard her car approach, he started to walk quickly away. She asked him if he had just been at her home. He denied he had been in her yard.
When Hanson returned from work at 10:00 that evening, she discovered a light on in her bedroom and the vertical blinds in the kitchen window were askew. Jewelry, fishing equipment, and two guns were missing from her house. The next morning she discovered the inside lock on the kitchen window had been broken and the soap dispenser in the kitchen sink, located directly in front of the window, had also been broken. That was the area the police identified as having been the probable point of entry for the burglary.
Hanson also discovered fingerprints on three windows, including the kitchen window. The print on the kitchen window was over seven feet high above the ground level. Because Hanson's house is one house away from a lake, and sand and wind constantly blow against the windows, fingerprints would be gone within 72 hours of having been placed there. The police took the fingerprints the day after the *1192 burglary and were able to identify the print on the kitchen window as having come from K.S. It was placed as though someone had tried to open the window.
Hanson admitted K.S. had been at her house the week before Christmas looking for work, but she did not talk to him through the kitchen window. K.S. testified he had returned to Hanson's house a second time, again to look for work. He said he knocked on the door and heard noises inside. He thought something had happened so he looked inside through the kitchen window. He testified that when he did not see anything, he left. No other evidence connecting K.S. with the burglary was presented.

A. Was the Fingerprint Evidence Sufficient to Sustain a Conviction in This Case?
When the state relies solely upon fingerprint evidence to establish a defendant's guilt, the evidence must demonstrate that the fingerprint could have only been made when the crime was committed. Jaramillo v. State, 417 So.2d 257 (Fla. 1982); Williams v. State, 740 So.2d 27 (Fla. 1st DCA 1999); Formor v. State, 676 So.2d 1013 (Fla. 5th DCA 1996); C.E. v. State, 665 So.2d 1097 (Fla. 4th DCA 1996); Miles v. State, 466 So.2d 239 (Fla. 1st DCA 1984), pet. for review denied, 476 So.2d 675 (Fla.1985); Sorey v. State, 419 So.2d 810 (Fla. 3d DCA 1982); Knight v. State, 294 So.2d 387 (Fla. 4th DCA), cert. denied, 303 So.2d 29 (Fla.1974). Further, where the print is found on an item or in a place accessible to the general public, and no other evidence establishes that the print was made at the time of the crime, the defendant is entitled to a judgment of acquittal. Williams; Formor; C.E.; Miles; Sorey; Knight.
In Walker v. State, 656 So.2d 950 (Fla. 5th DCA 1995), a case virtually identical to the present one, a home was burglarized by someone who entered through a broken window in the back bedroom. Walker's fingerprint was found on that window trim at a place where one might place his hands to push the window up from the outside. Although this was the only evidence connecting him to the crimes, it was sufficient to convict him of burglary of a dwelling and grand theft. This court held that the windowsill of a backyard window leading into a bedroom is not accessible to the general public and that a fingerprint found there after the window was broken and used for illegal entry into the house raises an inference that the prints were placed there at the time of the forced entry.
In the present case, police theorized that the point of entry was the kitchen window. The lock on this window had been broken. The soap dispenser in the kitchen sink had also been broken. The sink is in front of the kitchen window and presumably the soap dispenser was broken as someone climbed from the outside through the window to enter the home.
In addition, the state presented evidence that the fingerprint could not have been made more than 72 hours before Hanson found it. In this case, the determination of whether the fingerprint could have only been made at the time the crime was committed was one appropriately made by the fact finder. See Sorey (where fingerprints are located in a place not generally accessible to the public, hypothesis that print was not placed at the time of the crime is not one which the court must declare reasonable as a matter of law; it remains for the fact finder to determine its reasonableness and such proof standing alone is legally sufficient). See also Walker (defendant's fingerprint found on a windowsill of a backyard bedroom window was sufficient to support burglary conviction). Compare Williams (evidence that defendant's *1193 fingerprints were found on a stolen VCR was insufficient to support burglary and theft conviction; VCR was found alongside a well-traveled road where anyone could have picked it up); C.E. (juvenile's fingerprint on broken window of police van was insufficient to support his adjudication of delinquency for burglary and theft of a telephone from the van; the van had been parked in a lot accessible to the public and had been dispatched to at least one and perhaps two crime scenes prior to the burglary).
We also agree with the state that the fingerprint was placed in a location not accessible to the general public. The kitchen window was on the back side of Hanson's house, not the street side. She testified she never saw neighbors or others crossing her backyard. In addition, the print was over seven feet above ground level, clearly not a place a casual passerby would likely leave a fingerprint.

B. Did the State Proffer Sufficient Evidence to Rebut K.S.'s Hypotheses of Innocence?
A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury (or trier of fact) can exclude every reasonable hypothesis except that of guilt. If the state does not offer evidence which is inconsistent with the defendant's hypothesis of innocence, then the evidence would be insufficient as a matter of law to warrant a conviction.
It is the trial judge's task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state.[1] The state is not required to rebut conclusively every possible variation of events but only to introduce competent evidence which is inconsistent with the defendant's theory of events. Once that threshold burden is met, it then becomes the fact finder's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. State v. Law, 559 So.2d 187 (Fla. 1989); Parker v. State, 795 So.2d 1096 (Fla. 4th DCA 2001); Moore v. State, 790 So.2d 489 (Fla. 5th DCA 2001); Leonard v. State, 731 So.2d 712 (Fla. 2d DCA), rev. denied, 735 So.2d 1286 (Fla.1999); Nelson v. State, 725 So.2d 412 (Fla. 5th DCA), rev. denied, 733 So.2d 516 (Fla.1999).
Here the state submitted evidence sufficient to rebut any reasonable hypothesis of innocence. K.S. claims that he went to Hanson's house to ask for work but no one was home. He then heard a noise coming from inside and looked through a window to see if anything was the matter. Seeing nothing, he left.
The fingerprint that matched K.S.'s fingerprint was found on the kitchen window some seven feet from the ground. K.S. specifically denied that this was where he may have placed his hands. The fingerprint on the window was consistent with someone trying to open the window, not just look through it. This evidence is legally sufficient to preclude a judgment of acquittal. See Leonard (defendant was not entitled to judgment of acquittal in circumstantial evidence case; theory that the defendant's fingerprint which was found on a candy box in the victim's refrigerator could have been placed there when *1194 the defendant was at the grocery store and the box was purchased by the victim was too remote); Walker (defendant was not entitled to judgment of acquittal in circumstantial case where his fingerprint was found on window trim of burglarized home; defendant's claim that he was near window when he was allowed to paint a portion of the house was contradicted by evidence that the defendant was never on the premises during the painting and thus issue of believability was properly left to the jury); Sorey (evidence was legally sufficient to support defendant's convictions for crimes arising out of an armed holdup of a Burger King where defendant's fingerprint was found on a Burger King gift certificate envelope generally kept in the store's safe; having shown that the envelope was located in a place inaccessible to a member of the public such as defendant, the state was not obligated to contradict defendant's unsupported hypothesis that manager of restaurant had removed the envelope from the safe, brought it to a place where defendant was and that defendant touched it).
AFFIRMED.
THOMPSON, CJ., and PALMER, J., concur.
NOTES
[1] Darling v. State, 808 So.2d 145 (Fla.2002); Gore v. State, 784 So.2d 418 (Fla.2001); State v. Law, 559 So.2d 187 (Fla.1989); Nelson v. State, 725 So.2d 412 (Fla. 5th DCA), rev. denied, 733 So.2d 516 (Fla.1999).