[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 16, 2007
THOMAS K. KAHN
CLERK

No. 06-13218
Non-Argument Calendar

_____

D. C. Docket No. 04-00501-CV-J-20-MMH

DARRELL D. GRISSETT,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 16, 2007)

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Darrell Grissett, a Florida prisoner, appeals pro se the denial of his habeas corpus petition, which was brought pursuant to 28 U.S.C. § 2254. During his criminal trial, his counsel moved for a judgment of acquittal (JOA) on one count of burglary, arguing that the state's evidence consisted of a single fingerprint found on a piece of glass removed from an exterior storm door, which was insufficient evidence of guilt. Grissett's counsel did not, however, cite specific caselaw in support of his argument. The trial court subsequently denied his motion.

Grissett sought post-conviction relief, arguing that his counsel was ineffective for failing to support his motion for JOA with caselaw, namely, Lee v. State, 640 So.2d 126 (Fla. Dist. Ct. App. 1994), which reversed a conviction because the evidence of burglary consisted only of a fingerprint on the outside of a broken window. The Florida state court denied Grissett's requests for relief without addressing his specific argument based on Lee. Rather, the state court found that his conviction was supported by sufficient evidence, as he was seen carrying items from a different victim's home, and because his fingerprints were identified at "various crime scenes." Grissett filed for habeas corpus relief in district court, which denied his petition, also without addressing specifically his Lee argument. We granted a certificate of appealability on the following question only: "Whether trial counsel was ineffective for failing to support appellant's

2

motion for a judgment of acquittal with case law."

On appeal, Grissett asserts that his counsel was ineffective for failing to support his motion for JOA with caselaw. He contends that, had his counsel raised Lee, there is a reasonable probability that a JOA would have been granted.

We review a district court's denial of a § 2254 habeas petition de novo. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005), cert. denied, 126 S.Ct. 1828 (2006). Factual findings are reviewed for clear error, and mixed questions of law and fact are reviewed de novo. Id.

> Pursuant to § 2254:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). While we typically give deference to state court decisions in this context, we have declined to do so if the state court failed to address the merits of a claim as asserted by the defendant. See Davis v. Sec'y for the Dep't of Corr., 341 F.3d 1310, 1313 (11th Cir. 2003). When a state court fails

3

to address an issue raised by the defendant, its decision is reviewed <u>de novo.</u>  <u>Espy v. Massac</u>, 443 F.3d 1362, 1365 (11th Cir. 2006).

Under <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), a defendant can succeed on an ineffective assistance of counsel claim if he proves that: (1) his counsel was deficient, i.e., he made errors so serious that counsel was not functioning as guaranteed under the Sixth Amendment; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Concerning the deficiency prong, we have stated that "review of counsel's performance must be highly deferential," and we will "avoid second-guessing counsel's performance."  <u>Osborne v. Terry</u>, 466 F.3d 1298, 1305-06 (11th Cir. 2006).  Thus, to establish deficient performance, a petitioner must "prove by a preponderance of the evidence that no competent counsel would have taken the action that his counsel did take."  <u>Grossman v. McDonough</u>, 466 F.3d 1325, 1345 (11th Cir. 2006).

Concerning the prejudice prong, it is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. <u>Strickland</u>, 466 U.S. at 693, 104 S.Ct. at 2067.  Rather, a reasonable probability is one sufficient to undermine confidence in the outcome.  <u>Id.</u> at 694, 104 S.Ct. at

4

2068. Because a petitioner must meet both parts of the test, we need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice versa. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

In Lee, the case relied on by Grissett to support his ineffective assistance of counsel claim, a Florida court of appeals reversed a defendant's conviction based on the finding that the state presented insufficient evidence of guilt to sustain a burglary conviction. 640 So.2d at 126. There, the state only presented evidence that the defendant's fingerprints were found on the outside surface of a church's window pane, and he had certain items in his possession. Id. at 126-27. Defense counsel moved for JOA at the close of the state's case, arguing insufficiency of evidence, which was denied by the trial court. Id. at 127. In concluding that reversal was required, the court of appeals explained:

> The facts of this case would lead a reasonable person to suspect that the defendant committed the burglary but they are not sufficient to sustain the conviction. Circumstantial evidence can support a conviction for a crime only if it is consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Proof that the defendant's fingerprint was on the broken window pane is not sufficient evidence of guilt because the expert witness was unable to exclude the possibility [that] the fingerprint was placed on the outside of the window.

Id. (internal citations omitted).

Florida "law is clear that when the state relies solely upon fingerprint

5

evidence to establish a defendant's guilt, the evidence must demonstrate that the fingerprints could have been made only when the crime was committed." Williams v. State, 740 So.2d 27, 28 (Fla. Dist. Ct. App. 1999). Thus, if the only evidence is fingerprints, and they are "found on an item or in a place accessible to the general public . . . the defendant is entitled to a judgment of acquittal." Id. at 28-29 (reversing denial of JOA where the only evidence was defendant's fingerprints on a "VCR which had been alongside a well-traveled road for approximately 90 minutes"); see also C.E. v. State, 665 So.2d 1097, 1098-99 (Fla. Dist. Ct. App. 1996) (finding entitlement to JOA even where defendant's fingerprint was found on the outside of a broken window of a burglarized police van because the print could have been made while the vehicle was out in the public visiting crime scenes); Miles v. State, 466 So.2d 239, 240 (Fla. Dist. Ct. App. 1984) (finding JOA appropriate where the only evidence was a fingerprint on a bench accessible to the general public and on a store window frame, because the defendant could have been window-shopping).

Conversely, Florida courts have found that evidence was sufficient to sustain convictions when fingerprints were found in areas inaccessible to the general public. See K.S. v. State, 814 So.2d 1190, 1193 (Fla. Dist. Ct. App. 2002) (affirming denial of JOA where defendant's fingerprint was found on kitchen

6

window located seven feet above ground level on the back of a house); Walker v. State, 656 So.2d 950, 950-51 (Fla. Dist. Ct. App. 1995) (upholding denial of JOA where fingerprints were found on the windowsill of a bedroom window on the back of the house).

We need not decide whether we owe deference to the state court decision pursuant to § 2254(d) because even reviewing Grissett's claim de novo we conclude that the claim fails.

In order to meet the Strickland standard, Grissett must show that, had his counsel supported his motion for JOA with caselaw, namely Lee, there was a reasonable probability that the trial judge would have granted his motion for JOA. See Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. While Grissett is correct in asserting that Lee supports his position, see Lee, 640 So.2d 125, other decisions by Florida courts make a favorable outcome for Grissett less certain, see K.S., 814 So.2d 1190; Walker, 656 So.2d 950. Specifically, Florida courts make a distinction based on whether or not the location of a recovered fingerprint is publicly accessible, and it is not clear here whether a storm door of a private home would be considered publicly accessible under Florida law. See Williams, 740 So.2d at 28-29. Had Grissett's counsel raised Lee, it is fair to assume that the government would have distinguished its facts or raised contrary Florida caselaw,

7

which does not lead to a certain result based on these facts.  See Lee, 640 So.2d

125; K.S., 814 So.2d 1190; Walker, 656 So.2d 950; Williams, 740 So.2d 27; C.E.,

665 So.2d 1097; Miles, 466 So.2d 239.

As a result, it cannot be said that there was a reasonable probability of a

different and more favorable outcome even if Grissett's counsel raised Lee.  See

Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  Thus, Grissett does not meet the

prejudice prong of Strickland.  See id.; Espy, 443 F.3d at 1365.  Accordingly, we

affirm.

**AFFIRMED.**