PER CURIAM.
Affirmed. See Sorey v. State, 419 So.2d 810, 813 (Fla. 3d DCA 1982) (holding that where fingerprints “are located in a place, on an object, or on a particular part of an object to which the general public does not have access, the hypothesis that the print was not placed on the object at the time of the crime is not one which the court must declare reasonable as a matter of law, and it remains for the jury to determine its reasonableness.... [S]uch proof, standing alone, is legally sufficient, and the jury may infer from it that the print was made at the time of the crime”); K.S. v. State, 814 So.2d 1190 (Fla. 5th DCA 2002) (holding evidence sufficient to support a conviction for burglary where juvenile’s fingerprint was found on a kitchen window located at the rear of the home, seven feet above ground level; the kitchen window was the point of entry, and the location of the print was consistent with someone trying to open the window rather than simply look through it); Walker v. State, 656 So.2d 950 (Fla. 5th DCA 1995) (holding evidence sufficient to support burglary conviction where defendant’s fingerprint was found on the sill of a backyard window, which served as the point of entry and the location of the print was consistent with someone trying to push the window up from the outside).